UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BLADIMIR VALDEZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER BRENDON T. TORRES (Shield No. 10341), in his individual and official capacities; POLICE OFFICER ALBERT A. TEJADA (Shield No. 28846), in his individual and official capacities; POLICE OFFICER MATTHEW E. FEIMER (Shield No. 13631), in his individual and official capacities; POLICE SERGEANT KIERAN M. WATERS (Shield No. 5158), in his individual and official capacities; POLICE SERGEANT EDWARD P. MCDONOUGH (Shield No. 5439), in his individual and official capacities; POLICE SERGEANT ALEXANDER B. ALLEN (Shield No. 1063), in his individual and official capacities; and JOHN/JANE DOE 1–10, in their individual and official capacities,

                Defendants.

**COMPLAINT**

**Jury Trial Demanded**

Case No. _____

------------------------------------------------------------------X

PLAINTIFF BLADIMIR VALDEZ by his attorneys, HACH & ROSE LLP, complaining of the defendants respectfully allege as follows:

## NATURE OF THE ACTION

1. PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK; POLICE OFFICER BRENDON T. TORRES (Shield No. 10341), in his individual and official capacities; POLICE OFFICER ALBERT A. TEJADA (Shield No. 28846), in his individual and official capacities; POLICE OFFICER MATTHEW E. FEIMER

(Shield No. 13631), in his individual and official capacities; POLICE SERGEANT KIERAN M. WATERS (Shield No. 5158), in his individual and official capacities; POLICE SERGEANT EDWARD P. MCDONOUGH (Shield No. 5439), in his individual and official capacities; POLICE SERGEANT ALEXANDER B. ALLEN (Shield No. 1063), in his individual and official capacities; and JOHN/JANE DOE 1–10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## PARTIES

2. PLAINTIFF BLADIMIR VALDEZ, is a male and has been at all relevant times a resident of NEW YORK County in the City and State of New York.

3. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

4. At all times relevant defendants Police Officer Brendon T. Torres Shield No. 10341, Police Officer Albert A. Tejada (Shield No. 28846), Police Officer Matthew E. Feimer (Shield No. 13631), Police Sergeant Kieran M. Waters (Shield No. 5158), Police Sergeant Alexander B. Allen (Shield No. 1063), and Police Sergeant Edward P. Mcdonough and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. PLAINTIFF does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

5. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

7. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## JURISDICTION, VENUE, AND TIMELINESS

8. This This Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States. Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 to redress the deprivation of his constitutional rights.

9. This Court has supplemental jurisdiction over Plaintiff's related claims under New York state law pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy as Plaintiff's federal claims.

10. Venue is proper under 28 USC 1391(b)(2).

11. The instant cause of action accrued on March 1, 2025.

12. Within 90 days, on May 27, 2025, the plaintiff filed a Notice of Claim with the City of New York.

13. The City of New York held a statutory hearing, pursuant to General Municipal Law 50-H, of the plaintiff on September 12, 2025.

14. Therefore, all statutory predicates to filing suit have been met, and the matter is constitutionally ripe for adjudication.

## STATEMENT OF FACTS

15. On March 1, 2025, at or around 3:30–4:00 p.m., Defendant Torres and Defendant Tejada were acting within the scope of their employment with Defendant City of New York.

16. At or about 3:42 p.m., Defendant Torres and Defendant Tejada were patrolling in the vicinity of University Avenue and West Fordham Road, Bronx, New York.

17. At that time, Plaintiff was in that vicinity operating a quad-style motorbike.

18. Shortly thereafter, Defendant Torres and Defendant Tejada, acting under color of law, initiated a vehicular pursuit of Plaintiff without lawful justification.

19. During the pursuit, upon information and belief, the NYPD vehicle operated by Defendant Torres and occupied by Defendant Tejada was driven at a high rate of speed, without activating emergency lights or sirens, and at times against the flow of traffic; in the course of the pursuit, the police vehicle struck Plaintiff's motorbike near 2406 University Avenue.

20. The RMP driving by defendant Torres crossed the double yellow line, without justification, and struck Mr. Valdez and his vehicle.

21. As a result of being struck by the police vehicle, Plaintiff was thrown to the pavement and suffered multiple spinal fractures in his lumbar, thoracic and cervical spine, as well as a traumatic brain injury.

22. After striking the plaintiff with the vehicle, the Defendants then caused Plaintiff to be charged with approximately eight offenses arising out of the incident, including at least one felony, despite the absence of probable cause.

23. After the collision, Defendant Torres and Defendant Tejada, joined by Defendant Feimer and other Defendant Doe Officers, restrained and arrested Plaintiff while he was injured and in need of medical attention.

24. The Defendants did not promptly render aid or summon emergency medical services and as a result there was a delay in transporting the Plaintiff to the Emergency Room. Plaintiff remained under NYPD guard while hospitalized and was kept in restraints for multiple days.

25. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFF.

26. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

27. Shortly thereafter, most of the charges, including the felony, were dropped or reduced, and Plaintiff was ultimately arraigned on three misdemeanor charges.

28. Plaintiff remained in NYPD custody while receiving medical treatment from March 1, 2025 until approximately March 7, 2025, and was arraigned and released on or about March 8, 2025.

29. On June 13, 2025, the criminal proceeding terminated in Plaintiff's favor; all remaining charges were dismissed and the case was sealed pursuant to CPL § 160.50.

30. The plaintiff hired a criminal attorney and had to spend $15,000 in legal fees.

## THE PARTIES

31. Defendant Torres and Defendant Tejada pursued Plaintiff and struck him with their police vehicle, causing the injuries described above.

32. Police Sergeant Kieran M. Waters (Shield No. 5158), Police Sergeant Alexander B. Allen (Shield No. 1063), and Police Sergeant Edward P. Mcdonough, and John/Jane Doe supervisors failed to train, supervise, and discipline NYPD officers, including Defendant Torres, Defendant Tejada, and Defendant Feimer, concerning vehicle pursuits in conformance with NYPD Patrol Guide Procedure 221-15.

33. Under the Patrol Guide (PG 221-15) and applicable law, a police vehicle pursuit should not have been undertaken under the circumstances present here, including the minor nature of any suspected offense, the location and conditions, and the risk to public safety.

34. Even after initiating the pursuit, Defendants disregarded PG 221-15 by failing, among other things, to, notify a radio dispatcher at the start of the pursuit, continuously utilize the vehicle's emergency signaling devices, and coordinate with supervisors and request other units.

35. But for the actions of Defendant Torres and Defendant Tejada in initiating and conducting the unlawful pursuit and striking Plaintiff, and but for the failures to train, supervise, and discipline by Police Sergeant Kieran M. Waters (Shield No. 5158), Police Sergeant Alexander B. Allen (Shield No. 1063), and Police Sergeant Edward P. Mcdonough and John/Jane Doe supervisors and Defendant City of New York, Plaintiff would not have been severely injured.

36. In generating police reports and other official documentation concerning this incident, Defendant Torres, Defendant Tejada, Defendant Feimer, Sergeant Kieran M. Waters (Shield No. 5158), Police Sergeant Alexander B. Allen (Shield No. 1063), and Police Sergeant Edward P. Mcdonough and/or Defendant Doe Officers concealed NYPD involvement in the pursuit and collision and failed to accurately indicate that NYPD officers' conduct caused Plaintiff's crash and injuries.

37. As a result of Defendants' actions, Plaintiff suffered and continues to suffer severe physical injuries, pain and suffering, emotional distress, anxiety, and economic losses, including medical bills for hospitalization and ongoing care.

## CLAIM ONE
### Under State and Federal Law
### UNLAWFUL STOP, SEARCH, AND SEIZURE

38. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

39. As a result of the aforesaid conduct by defendants, PLAINTIFF's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights.

40. As a direct and proximate result, Plaintiff suffered damages as described herein. Punitive damages are warranted against the individual Defendants.

## CLAIM TWO
### Under Federal Law
### FAILURE TO INTERVENE

41. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants, including NYPD Officers Torres, Tejada, Feimer, along with Sergeants and Doe police officers that were present but did not actively participate in the aforementioned

unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages as described herein. Punitive damages are warranted against the individual Defendants.

## CLAIM THREE
### Under State and Federal Law
### UNREASONABLE FORCE 42 U.S.C. § 1983

44. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments and New York State Law because they used unreasonable, excessive, and unjustified force on PLAINTIFF.

46. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FOUR
### Under State Law
### ASSAULT and BATTERY

47. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

48. Defendants' aforementioned actions placed PLAINTIFF in apprehension of imminent harmful and offensive bodily contact.

49. Defendant police officers touched PLAINTIFF in a harmful and offensive manner.

50. Defendant police officers did so without privilege or consent from PLAINTIFF.

51. The acts of the individual Defendants constituted assault and battery under New York law. Defendant City of New York is vicariously liable for these torts under respondeat superior.

52. As a result of defendants' conduct, PLAINTIFF has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## CLAIM FIVE
### Under Federal Law
### DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS

53.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

54.     The individual defendants were deliberately indifferent to Plaintiff's serious medical needs by delaying or denying necessary medical attention and by restraining Plaintiff in a manner that exacerbated his injuries while he was in custody.

55.     Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

56.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIX
### UNDER STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

57.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

58.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

59.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

60. Defendant CITY OF NEW YORK owed a duty to use reasonable care in hiring, training, supervising, and retaining NYPD officers, including Defendant Torres, Defendant Tejada, Defendant Feimer, and Defendant Doe and breached that duty.

61. Due to the negligence of the defendants as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**CLAIM SEVEN**
**Under State Law**
**NEGLIGENCE**

62. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

63. Defendants had a duty to act as reasonably prudent police officers.

64. Defendants, in performing the actions complained of, failed to act as reasonably prudent police officers.

65. But for the defendants' negligence, the plaintiff would not have suffered the injuries complained of.

66. The defendants' negligence was the proximate cause of the plaintiff's injuries.

67. As a result of the defendant's negligence, the plaintiff was proximately caused to sustain catastrophic physical injuries including skull fractures, a traumatic brain injury, epidural hemorrhage, subdural hematoma, spine fracture, a compression fracture of the T9 vertebra, a comminuted fracture of the right clavicle, hemothorax, significant right knee trauma, and extensive persistent pain, resulting in permanent injury and disability of the head, neck, back, upper extremities and lower extremities, the full extent of which are not yet known.

## CLAIM EIGHT
### Under State Law
### RECKLESSNESS/ GROSS NEGLIGENCE

68. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

69. Defendants had a duty to act as reasonably prudent police officers.

70. Defendants, in performing the actions complained of, recklessly failed to act as reasonably prudent police officers.

71. But for the defendants' recklessness, the plaintiff would not have suffered the injuries complained of.

72. The defendants' recklessness was the proximate cause of the plaintiff's injuries.

73. The conduct of the individual defendants, including initiating and conducting an unwarranted high-speed pursuit against traffic without emergency signals and failing to render prompt medical aid, constituted gross negligence and recklessness, proximately causing Plaintiff's injuries and damages. Defendant City of New York is vicariously liable under respondeat superior.

74. As a result of the Defendant's recklessness, the plaintiff was proximately caused to sustain catastrophic physical injuries including skull fractures, a traumatic brain injury, epidural hemorrhage, subdural hematoma, spine fracture, a compression fracture of the T9 vertebra, a comminuted fracture of the right clavicle, hemothorax, significant right knee trauma, and extensive persistent pain, resulting in permanent injury and disability of the head, neck, back, upper extremities and lower extremities, the full extent of which are not yet known.

## CLAIM NINE
### Under State and Federal Law
### FALSE ARREST 42 U.S.C. § 1983

75. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

76. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

77. The Defendants confined Plaintiff without privilege or probable cause from March 1, 2025 until his release on or about March 8, 2025, violating his Fourth Amendment rights and constituting false arrest and false imprisonment under New York law. Defendant City of New York is vicariously liable for the state-law torts.

78. As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM TEN
### Under State and Federal Law
### MALICIOUS ABUSE OF PROCESS

79. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

80. The individual defendants issued legal process to place PLAINTIFF under arrest.

81. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

82. The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification. On June 13, 2025, the proceeding terminated in Plaintiff's favor and was sealed pursuant to CPL § 160.50. Defendant City of New York is vicariously liable for the state-law tort.

83. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

**CLAIM ELEVEN**
**Under State and Federal Law**
**ABUSE OF PROCESS 42 U.S.C. § 1983**

84. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

85. The individual Defendants misused legal process, including criminal charges and custodial process, to achieve collateral objectives unrelated to bringing an offender to justice, including shifting blame for the incident and insulating themselves from liability, causing damages to Plaintiff. Defendant City of New York is vicariously liable for the state-law tort.

**CLAIM TWELVE**
**Under State Law**
**INTENTIONAL AND/OR NEGLIGENT INFLICTION**
**OF EMOTIONAL DISTRESS**

86. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

87. The conduct of the individual Defendants was extreme and outrageous and/or negligent, causing Plaintiff severe emotional distress. Defendant City of New York is vicariously liable for the state-law tort(s). Punitive damages are warranted against the individual Defendants for intentional infliction of emotional distress.

**CLAIM THIRTEEN**
**Under Federal Law**
**MUNICIPAL MONELL LIABILITY 42 U.S.C. § 1983**

88. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

89. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

90. The constitutional violations alleged herein were caused by policies, customs, and practices of Defendant City of New York, including but not limited to: (a) initiating unlawful vehicle pursuits in violation of NYPD policy; (b) failing to enforce Patrol Guide limits on pursuits and to require dispatcher notification, continuous use of emergency signaling devices, and supervisory coordination; (c) using excessive force with police vehicles and during post-incident restraint; (d) fabricating, omitting, or concealing material facts in official reports and communications; (e) charging victims of police-caused incidents with crimes to justify force or pursuits; and (f) failing to train and supervise officers to provide prompt medical care to injured arrestees and detainees.

91. Policymakers for Defendant City of New York knew or should have known of these practices and acted with deliberate indifference to the risk of constitutional violations. These policies and customs were the moving force behind the violations of Plaintiff's rights.

92. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

93. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. Pursuing and stopping individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. Pursing and stopping innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    iii.    Fabricating evidence in order to cover up police misconduct;

    iv.    Using excessive force, negligent and reckless behavior and vehicle operation to engage in pursuits;

    v.    Violating patrol guides to conduct negligent and reckless pursuits of individuals traveling in vehicles;

    vi.    Fabricating evidence in order to cover up excessive use of force;

    vii.    Destruction of evidence in order to conceal police misconduct;

    viii.    Deactivating body worn cameras to conceal police misconduct;

    ix.    fabricating evidence in order to cover up police misconduct.

94. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

95. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

96. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the PLAINTIFF as alleged herein.

97. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF's constitutional rights.

98. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF's constitutional rights.

99. The acts complained of deprived the PLAINTIFF of his right:

1. Not to be deprived of liberty without due process of law;
2. To be free from seizure and arrest not based upon probable cause;
3. Not to have summary punishment imposed upon him; and
4. To receive equal protection under the law.

**WHEREFORE**, PLAINTIFF respectfully requests judgment in his favor and against Defendants as follows:

- Compensatory damages in an amount to be determined at trial;
- Punitive damages against the individual Defendants in their individual capacities;
- Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise allowed by law;
- Pre- and post-judgment interest as allowed by law;
- Declaratory and injunctive relief as the Court deems just and proper; and
- Such other and further relief as the Court deems just and proper.
- Plaintiff demands trial by jury on all issues so triable.

Dated: New York, New York
September 12, 2025

Respectfully submitted,

HACH & ROSE, LLP

/s/Adam J. Roth, Esq.
Adam J. Roth, Esq.
Christopher Cellante, Esq.
Attorneys for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York 10016
212-779-0057
212-779-0028
cc@hachroselaw.com