

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**SANDRA A. BOBER**
*Senior Counsel*
(212) 356-0827
sabober@law.nyc.gov

December 10, 2025

**BY ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

The case is stayed until February 27, 2026. The initial pretrial conference currently scheduled for March 5, 2026 is adjourned to March 25, 2026 at 2:00 p.m. The parties are directed to dial into the Court's teleconference number at 646-453-4442, Conference ID# 358639322, and follow the necessary prompts.

SO ORDERED.

December 18, 2025

LEWIS J. LIMAN
United States District Judge

Re: *Valdez v. City of New York, et. al*., 25-cv-07610 (LJL)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, representing defendant City of New York in the above-referenced matter, which is governed by Local Civil Rule 83.10. I write to inform the Court that it has recently come to my attention that the New York City Police Department Internal Affairs Bureau has an open investigation regarding the incident underlying the complaint. Therefore, for the reasons set forth below, defendant City respectfully requests that the Court (1) stay this action pending resolution of the IAB investigation; and (2) in light of this proposed stay, adjourn the initial conference presently scheduled for March 5, 2026 at 12 p.m. Plaintiff does not consent to this request.

By way of brief background, plaintiff initiated this action on September 12, 2025, asserting state and federal claims against defendants the City; NYPD Sergeants Edward McDonough and Kieran Waters; NYPD Officers Alexander Allen, Matthew Feimer, Albert Tejada, and Brendon Torres; and multiple unnamed individuals for, *inter alia*, excessive force, failure to intervene, false arrest, deliberate indifference to medical needs, intentional infliction of emotional distress, negligence, and municipal liability. *See* DE 14 at 7–15.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). This includes authority to stay a civil action pending the outcome of a related proceeding. *See Kashi*, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action."); *see also*

*Cheikhaoui v. City of N.Y.*, No. 22 Civ 08855 (CM), 2023 U.S. Dist. LEXIS 160287, at \*10 (S.D.N.Y. Sep. 11, 2023) (granting 90-day stay pending resolution of an District Attorney's Office investigation into underlying allegations). Courts in this Circuit have repeatedly stayed civil cases pending open investigations by IAB and CCRB. *See*, *e.g.*, *Felix v. City of New York*, No. 16 Civ. 5845 (AJN), 2016 U.S. Dist. LEXIS 120000 (S.D.N.Y. Sept. 6, 2016); *Troy Jones v. City of New York*, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York*, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013).

There are several reasons why this matter should be stayed pending the outcome of the IAB investigation. First, this Office may be unable to assume representation of the individual defendants until the investigation has concluded and a disposition has been rendered. *See Mercurio v. The City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2)). Because the outcome of the IAB investigation will bear on the question of whether an individual employee was in violation of any rule or regulation at the time of the event in question, without a stay this Office may have to decline representation pending the resolution of that investigation. This would prejudice the individual officer, who may have to be responsible for retaining private counsel, and the City, as this Office will be limited in its ability to communicate with an unrepresented employee.

Second, if this Office assumes representation of an officer and it later turns out that the officer was ineligible for representation because, for instance, the investigation results in a finding that there was some violation of an agency rule or regulation, this Office's representation of both the City and the individual officer could give rise to a conflict of interest. *See*, *e.g.*, *Troy Jones v. City of New York*, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York*, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013). Indeed, if this Office assumes representation of an officer before the NYPD's proceedings are complete, but it later turns out that the officer was ineligible for representation, the undersigned, and the entire Special Federal Litigation Division, may be conflicted off of the case. This result would cause a significant and undue expenditure of time and resources. For this same reason, this Office should not interview the officers in question, as is required under GML § 50-k, to determine their eligibility for representation, until the NYPD proceedings are complete. If any officer becomes ineligible, and the undersigned has already spoken to him or her about the underlying incident, then serious conflict issues will increase the costs and length of this litigation. As such, a stay of this matter will save resources and reduce the risk that conflicts will arise later in the litigation.

Third, information and documents generated by NYPD in connection with the investigation will be unavailable to the parties during the pendency of the investigation as they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *National Congress for Puerto Rican Rights v. City of New York*, No. 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, \*5–6 (S.D.N.Y. April 7, 2000), (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). Thus, information that may only be found in the IAB investigation file will not be available for review to respond to the complaint or assess the case until after the investigation is completed.

From a practical perspective, should a stay be denied and this action proceeds concurrently with the IAB investigation, the parties will spend significant resources duplicating the efforts currently being undertaken by the IAB. When this investigation is concluded, the relevant information already will have been compiled and summarized, which should allow the parties to streamline paper and deposition discovery in this case. Defendant City can neither adequately evaluate the case, nor mount a defense in this action without first having access to this information. *See*, *e.g.*, *Heth & Jed Community Rockers v. City of New York*, No. 12-CV-1080 (S.D.N.Y.) (PAE), DE 6.

Based on the foregoing, the City respectfully requests that the Court (1) stay the instant matter, and (2) adjourn the initial conference presently scheduled for March 5, 2026, at 12 p.m. pending the conclusion of the IAB investigation into the underlying incident.

Plaintiff's counsel stated as follows in response to a request for the reasons for not consenting to this request:

An internal IAB investigation is separate and distinct from this civil matter, and Plaintiff is entitled to proceed with his claims without delay. At this point, it is not clear why or how the existence of an open IAB investigation impedes the Law Department's ability to make representation determinations for the individual defendants, or why that would warrant halting Plaintiff's case entirely.

Thank you for your consideration of these requests.

Respectfully submitted,

*/s/ Sandra A. Bober*
Sandra A. Bober
*Senior Counsel*

cc:    By ECF
       All counsel of record

3