

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**SHREYA KRISHNAMURTHY**
*Assistant Corporation Counsel*
Phone: (212) 356-2671
Fax: (212) 356-3509
shrekris@law.nyc.gov

March 4, 2026

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

The stay in this case is extended to May 11, 2026.  Defendants shall answer or otherwise respond to the complaint by June 10, 2026.  This represents the final extension of the stay in this case.  The initial pretrial conference currently scheduled for March 25, 2026 is adjourned to June 15, 2026 at 11:00 a.m.

March 10, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:     Bladimir Valdez v. City of New York, et al.,
            25-CV-07610 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. Defendant City of New York respectfully requests that the Court: (1) extend the stay issued in this case pending the ongoing New York City Police Department Internal Affairs Bureau ("IAB") investigation into the underlying incident alleged in the Complaint, (2) adjourn the initial pretrial conference presently scheduled for March 25, 2026, (3) relieve defendant City of New York of its obligation to respond to the Complaint until thirty (30) days after the stay is lifted, and (4) *sua sponte* grant defendants Brendon Torres, Albert Tejada, Matthew Feimer, Kieran Waters, Edward McDonough, and Alexander Allen a corresponding relief from their obligations to respond to the Complaint. The undersigned attempted to reach plaintiff's counsel, Louis Lopez, for his consent but was unable to make contact with him prior to submitting this letter.

By way of relevant background, plaintiff initiated this action, on September 12, 2025, pursuant to 42 U.S.C. § 1983, against defendants City of New York, Brendon Torres, Albert Tejada, Matthew Feimer, Kieran Waters, Edward McDonough, Alexander Allen, and multiple unnamed individuals alleging, *inter alia*, federal and New York state law claims for unlawful search and seizure, failure to intervene, unreasonable force, assault and battery, deliberate indifference to medical needs, negligent hiring, training, supervision and retention, negligence, gross negligence, false arrest, malicious prosecution, abuse of process, intentional and negligent

1

infliction of emotional distress, and municipal liability arising from an incident that took place on March 1, 2025. See ECF No. 14.

On December 10, 2025, this Office informed the Court that an IAB investigation was initiated into the incident involving plaintiff and underlying the allegations in this case, and requested that the Court stay the present matter pending the outcome of the IAB investigation because, *inter alia*, this Office may be unable to assume representation of the individual defendants until the investigation has concluded and a disposition has been rendered, this Office's representation of both the City and the individual officer could give rise to a conflict of interest if it later turns out that the officer was ineligible for representation following the results of the investigation, and the information and documents generated by the New York City Police Department ("NYPD") in connection with the investigation will be unavailable to the parties during the pendency of the investigation. See ECF No. 47. The Court's December 18, 2025 Order stayed this matter until February 27, 2026 and adjourned the initial pretrial conference scheduled in this case to March 25, 2026. On March 3, 2026, the undersigned filed a motion to substitute the prior attorney for the undersigned in this matter.

Upon information and belief, and upon information received by the undersigned from the NYPD, defendant City of New York respectfully informs the Court that the IAB investigation is still pending. Therefore, for the reasons stated in its motion for a stay dated December 10, 2025, defendant City of New York respectfully requests that the Court extend the stay issued in this case pending the conclusion of the IAB investigation. See ECF No. 47. To the extent the Court is inclined to grant this request, defendant City of New York also respectfully requests that the Court adjourn the initial pretrial conference presently scheduled for March 25, 2026 to a date convenient for the Court after the stay has been lifted.

Additionally, defendant City of New York respectfully requests that the Court relieve it of its obligation to respond to the Complaint until thirty (30) days after the stay is lifted in this case and that the Court grant individually named defendants Brendon Torres, Albert Tejada, Matthew Feimer, Kieran Waters, Edward McDonough, and Alexander Allen a corresponding extension of time. The requested extension of time would allow this Office the time necessary to request and obtain paperwork concerning the findings of the investigation once it has concluded, determine whether this Office may extend representation to the individual defendants pursuant to General Municipal Law § 50-k, conduct the necessary interviews, and prepare a response to the Complaint. See Mercurio v. The City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2)).

Accordingly, for the reasons stated herein and those stated in its December 10, 2025 letter motion for a stay, defendant City of New York respectfully requests that the Court: (1) extend the stay issued in this case pending the ongoing IAB investigation into the underlying incident alleged in the Complaint, (2) adjourn the initial pretrial conference presently scheduled for March 25, 2026 to a date convenient for the Court after the stay has been lifted, (3) relieve defendant City of New York of its obligation to respond to the Complaint until thirty (30) days after the stay is lifted, and (4) *sua sponte* grant defendants Brendon Torres, Albert Tejada, Matthew Feimer, Kieran Waters,

Edward McDonough, and Alexander Allen a corresponding relief from their obligations to respond to the Complaint.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Shreya Krishnamurthy*

Shreya Krishnamurthy
*Assistant Corporation Counsel*

cc:    **VIA ECF**
       *All counsel of record*

3