

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**SHREYA KRISHNAMURTHY**
*Assistant Corporation Counsel*
Phone: (212) 356-2671
Fax: (212) 356-3540
Email: shrekris@law.nyc.gov

June 4, 2026

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*This matter shall proceed according to the Plan and the parties' proposed dates for discovery. The request to adjourn the initial pretrial conference is DENIED.*

*June 9, 2026*   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:   Bladimir Valdez v. City of New York, et al.,
        25 Civ. 07610 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Albert Tejada, Matthew Feimer, Keiran Waters, Edward McDonough, and Alexander Allen ("defendants") in the above-referenced matter. The undersigned respectfully writes on behalf of defendants City of New York, Tejada, Feimer, Waters, McDonough, Allen and plaintiff ("the parties") to request that the Court: (1) permit this matter to proceed in the Southern District of New York's Plan for § 1983 Cases pursuant to Local Civil Rule 83.10 ("Plan"), and (2) endorse the parties' proposed dates in accordance with the Plan. Accordingly, defendants respectfully request that the Court adjourn the initial pretrial conference presently scheduled for June 15, 2026 at 11:00 a.m. to a date and time convenient for the Court until after the parties have had an opportunity to exchange limited discovery and engage in mediation as contemplated by the Plan, and grant a corresponding adjournment of the deadline for the parties to submit a joint proposed Case Management Plan and Scheduling Order. This is a first request to proceed in accordance with the Plan and a second request for such an adjournment of the initial pretrial conference. The parties have met and conferred, and jointly request that discovery in this case proceed in accordance with the deadlines mandated by the Plan, and as set out below. Plaintiff's counsel stated that they do not join in the request to adjourn the initial pretrial conference scheduled for June 15, 2026.

As the Court is aware, on December 18, 2026, the Court, granted defendant City of New York's motion to stay this case pending the resolution of the New York City Police Department ("NYPD") Internal Affairs Bureau's investigation into the underlying incident and adjourned the initial pretrial conference to March 25, 2026. See ECF No. 50. On March 10, 2026, the Court granted defendant City of New York's request for an extension of the stay, extended the stay in this case to May 11, 2026, ordered defendants to respond to the Complaint by June 10, 2026, and scheduled an initial pretrial conference for June 15, 2026 at 11:00 a.m. See ECF No. 56.

As the Court is aware, the Plan provides specific efficiencies and encourages early resolution of cases that allege the type of claims at issue in this case. See, e.g., Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028, at *3-4 (S.D.N.Y. Nov. 18, 2020) (noting that the Plan is designed to "efficiently manage and to 'reduce the time to disposition in the typical § 1983 cases brought against the NYPD and its officers'" and "[o]ne of its core goals is to encourage a fast and efficient discovery process"). Notably, the Plan contemplates the common categories of discovery that are most relevant to the type of claims raised in this case and provides an expedited schedule for the automatic production of such discovery. Additionally, the Plan encourages early settlement discussions following the exchange of limited discovery by providing a schedule for the exchange of a settlement demand and offer, followed by a requirement that the parties attend a mediation before formal—and costly—discovery commences. The Plan often results in settlement at mediation or shortly thereafter. Importantly, the Plan's provisions intentionally provide for staggered and defined discovery in order to provide the parties time to appropriately assess settlement options, and to limit the accrual of unnecessary litigation expenses which can often be an impediment to resolving Section 1983 matters, which travel with claims for fees and costs under Section 1988. In light of the foregoing, the parties respectfully request that this matter be permitted to proceed in the Plan.

Should the Court be inclined to grant this request, the parties respectfully request that the Court endorse the following proposed deadlines as set out by the Plan and calculated based on the June 10, 2026 deadline for defendants' to respond to the Complaint:

- July 1, 2026: Deadline for the parties to exchange their initial disclosures, consistent with Local Civil Rule 83.10(d)(2);
- July 8, 2026: Deadline for the parties to produce their limited discovery, consistent with Local Civil Rule 83.10(e);
- July 22, 2026: Deadline for plaintiff to amend the Complaint to name additional defendants without leave, consistent with Local Civil Rule 83.10(f);
- July 22, 2026: Deadline for plaintiff to serve a written settlement demand, consistent with Local Civil Rule 83.10(g);
- August 5, 2026: Deadline for defendants to respond in writing to plaintiff's demand, consistent with Local Civil Rule 83.10(g); and
- August 19, 2026: Deadline for the parties to file a letter with an update on the status of the case, including proposed dates for an initial conference and parties' position on referral to either the Mediation Program or a settlement conference, consistent with Local Civil Rule 83.10(h).

2

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Shreya Krishnamurthy*

Shreya Krishnamurthy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  **VIA ECF**
Christopher Cellante, Esq.
Louis Lopez, Jr., Esq.
Hack & Rose LLP
*Counsel for Plaintiff*

3